UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**LANDS' END DIRECT MERCHANTS,
INC.**, and
**LANDS' END, INC.**,

          Plaintiffs,          Case No. 16-cv-338

    v.

**COLOR IMAGE APPAREL, INC.**,

          Defendant.

---

**COMPLAINT FOR DECLARATORY JUDGMENT**

---

Plaintiffs **LANDS' END DIRECT MERCHANTS, INC.** (hereinafter "LEDM") and **LANDS' END, INC.**, (hereinafter "LEI") (collectively, "LE"), hereby sue Defendant **COLOR IMAGE APPAREL, INC.** (hereinafter "Color Image") and allege the following:

**NATURE OF THE ACTION**

1.    This is an action seeking a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that LE's use of the marks **CANVAS BY LANDS' END** and **LANDS' END CANVAS** does not constitute trademark infringement under 15 U.S.C § 1114, nor false designation of origin or unfair competition under 15 U.S.C § 1125, of Color Image's alleged CANVAS trademarks.

**JURISDICTION AND VENUE**

2.    This Court has original jurisdiction over the subject matter of this action. Original jurisdiction for any civil action arising under 15 U.S.C. §§ 1114 and 1125 is conferred on this Court pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Color Image, pursuant to Wis. Stat. § 801.05, because Color Image is engaged in substantial and not isolated activities in the State of Wisconsin and, specifically, in this judicial district including, but limited to, the distribution of products through a distributor in Verona, Wisconsin, and/or Color Image has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

4. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b) and § 1391(c), because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

## THE PARTIES

5. LEI is a Delaware corporation with its principal place of business located at 1 Lands' End, Dodgeville, Wisconsin 53595.

6. LEDM is a Delaware corporation with its principal place of business located at 1 Lands' End, Dodgeville, Wisconsin 53595. LEDM is a wholly-owned subsidiary of LEI.

7. Upon information and belief, Color Image is a California corporation with its principal place of business located at 6670 Flotilla St., Commerce, California 90040.

## FACTUAL ALLEGATIONS

8. LEDM has, since at least as early as 2009, utilized the mark **LANDS' END CANVAS** (a slight variation of the phrase **CANVAS BY LANDS' END**) in connection with various apparel and homeware products and services, including clothing, footwear, luggage, and retail and mail order services. LEDM's **LANDS' END CANVAS** mark is recognized by consumers as identifying LEDM's timeless and durable products.

9. LEDM also owns, among other registrations, United States Trademark Registration No. 4,250,401, issued on the Principal Register, for **LANDS' END CANVAS (word mark)** in connection with clothing, footwear, luggage, and retail and mail order services

2

in Classes 18, 25 and 35 (the '401 Reg.).  A true and correct copy of the '401 Reg. is attached hereto as Exhibit A.  The '401 Reg. indicates that LEDM disclaimed exclusive rights to the term "canvas" apart from the mark **LANDS' END CANVAS**.

10.     Upon information and belief, Color Image owns U.S. Registration No. 3,884,550 for the mark CANVAS (stylized), issued on the Supplemental Register, in connection with "men's clothing, namely, shirts, pants, jackets, sweatshirts, sweatpants, golf shirts, and tank tops," in International Class 25; and U.S. Registration No. 4,360,649 for the mark CANVAS (stylized), issued on the Principal Register, in connection with "men's clothing not made of canvas, namely, shirts, pants, jackets, sweatshirts, sweatpants, golf shirts, and tank tops," in International Class 25.  True and correct copies of these trademark registrations are attached hereto as Composite Exhibit B.

11.     On or about May 13, 2016, Color Image sent LEI a "Notice of Infringement," alleging that LEI committed trademark infringement, unfair competition, and other wrongful acts related to Color Image's purported "CANVAS Marks."  A true and correct copy of the May 13, 2016 letter is attached hereto as Exhibit C.

12.     Upon information and belief, Color Image's admissions in documents submitted to the U.S. Patent & Trademark Office ("USPTO") make clear that Color Image's rights in its "Canvas Marks," if any, are extremely narrow in scope and not infringed by **LANDS' END CANVAS** (or **CANVAS BY LANDS' END**).  True and correct copies of Color Image's submissions to the PTO are attached hereto as Composite Exhibit D.

13.     Color Image's May 13, 2016 correspondence has created a reasonable apprehension on the part of LE that Color Image will file a lawsuit against LE.

14. LE firmly denies that the use of the marks **LANDS' END CANVAS** and **CANVAS BY LANDS' END** infringes or unfairly competes with Color Image's alleged trademarks or that LE has otherwise engaged in actionable conduct.

**COUNT I**
**ACTION FOR DECLARATORY JUDGMENT OF**
<u>**NON- INFRINGEMENT OF REGISTERED TRADEMARK**</u>

15. LE incorporates paragraphs 1 through 14 inclusive as if set forth verbatim herein.

16. This is an action for a declaratory judgment and further relief against Color Image, pursuant to 28 U.S.C. §§ 2201 and 2202.

17. Color Image has alleged, and LE denies, that LE's use of the mark **CANVAS BY LANDS' END** in connection with apparel infringes Color Image's "CANVAS Marks."

18. Color Image's allegations of trademark infringement, as set forth above, create a reasonable apprehension by LE that Color Image will file a lawsuit against LE asserting claims for trademark infringement under 15 U.S.C. § 1114.

19. The previous correspondence sent by Color Image creates an actual controversy regarding LE's right to use the marks **LANDS' END CANVAS** and **CANVAS BY LANDS' END** in connection with its products.

20. Color Image's allegations of trademark infringement adversely affect LE and will continue to adversely affect LE because, until this Court makes a determination of LE's rights, LE will be in doubt as to its rights to continue to use the marks **LANDS' END CANVAS** and **CANVAS BY LANDS' END**.

**COUNT II**
**ACTION FOR DECLARATORY JUDGMENT OF**
<u>**NO UNFAIR COMPETITION**</u>

21. LE incorporates paragraphs 1 through 14 inclusive as if set forth verbatim herein.

22. This is an action for a declaratory judgment and further relief against Color Image, pursuant to 28 U.S.C. §§ 2201 and 2202.

23. Color Image has alleged, and LE denies, that LE's use of the mark **CANVAS BY LANDS' END** in connection with apparel constitutes unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

24. Color Image's allegations of unfair competition, as set forth above, create a reasonable apprehension by LE that Color Image will file a lawsuit against LE asserting claims for unfair competition under 15 U.S.C. § 1125(a).

25. The previous correspondence sent by Color Image creates an actual controversy regarding LE's right to use the marks **LANDS' END CANVAS** and **CANVAS BY LANDS' END** in connection with its products.

26. Color Image's allegations of unfair competition adversely affect LE and will continue to adversely affect LE because, until this Court makes a determination of LE's rights, LE will be in doubt as to its rights to continue to use the marks **LANDS' END CANVAS** and **CANVAS BY LANDS' END**.

## JURY DEMAND

LE demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs LANDS' END, INC. and LANDS' END DIRECT MERCHANTS, INC. pray for entry of a declaratory judgment against Defendant COLOR IMAGE APPAREL, INC., as follows:

1. Declaring that LE's use of the marks **LANDS' END CANVAS** and **CANVAS BY LANDS' END** does not constitute trademark infringement under 15 U.S.C. § 1114;

5

2. Declaring that LE's use of the marks **LANDS' END CANVAS** and **CANVAS BY LANDS' END** does not constitute unfair competition under 15 U.S.C. § 1125(a);

3. Awarding LE its attorneys' fees, costs, and other expenses incurred as a result of this controversy; and

4. Granting such further and other relief as this Court deems just and proper.

DATED: May 24, 2016.

Respectfully submitted,

GODFREY & KAHN, S.C.

By: _s/ James A. Friedman_
James A. Friedman
Jennifer L. Gregor
One E. Main St., Suite 500
P.O. Box 2719
Madison, WI 53701-2719
Phone: 608-257-3911
Fax: 608-257-0609
jfriedman@gklaw.com
jgregor@gklaw.com

FRIEDLAND VINING, P.A.
David K. Friedland
Jaime Rich Vining (Application for admission pending)
9100 S. Dadeland Blvd., Suite 1620
Miami, FL 33156
Phone: (305) 777-1720
Fax: (305) 456-4922
dkf@friedlandvining.com
jrv@friedlandvining.com

***Attorneys for Plaintiffs Lands' End Direct Merchants, Inc. and Lands' End, Inc.***

15672800.1